# Aidala, Bertuna & Kamins, P.C.

ARTHUR L. AIDALA*
MARIANNE E. BERTUNA*
HON. BARRY KAMINS (RET.)
HON. JOHN M. LEVENTHAL (RET.)
HON. DAVID L. LEWIS (RET.)
JOHN S. ESPOSITO+
MICHAEL T. JACCARINO
IMRAN H. ANSARI
DIANA FABI SAMSON**
ANDREA M. ARRIGO*
MICHAEL F. DIBENEDETTO*
LINO J. DE MASI
DAVID M. SCHWARTZ+

*ALSO ADMITTED IN NEW JERSEY
**ALSO ADMITTED IN CONNECTICUT
+ALSO ADMITTED IN D.C.

546 FIFTH AVENUE
NEW YORK, NY 10036
TELEPHONE: (212) 486-0011
FACSIMILE: (917) 261-4832
WWW.AIDALALAW.COM

8118 - 13TH AVENUE
BROOKLYN, NEW YORK
11228 TEL: (718) 238-9898
FAX: (718) 921-3292

OF COUNSEL
JOSEPH A. BARATTA
ANTOINETTE LANTERI
WILLIAM R. SANTO
PETER S. THOMAS
LAWRENCE SPASOJEVICH
SIGURD SORENSON

SENIOR COUNSEL
LOUIS R. AIDALA
JOSEPH P. BARATTA

January 3, 2024

Hon. Jesse Furman
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

    Re:  United States v. Cohen
        Case No.: 1-18-CR-602(JHF)

Dear Judge Furman,

  We submit this response to the submissions of Ms. Perry and Mr. Cohen. We shall address the issue of the case citations but will not address the issue of sealing as your Honor has authorized the public filing of the documents. We will also address the issue of whether sanctions should be imposed.

  With respect to the case citations, Ms. Perry reminds the Court several times that she did not provide the citations to Mr. Schwartz. Mr. Schwartz has never said that she did so. She also takes great pains to say that there is only one "inconsequential" or "immaterial" difference between Mr. Schwartz's account of what happened and Mr. Cohen's version. That difference, however, is critical and material to Mr. Schwartz's position.

  As Mr. Schwartz made clear in his declaration, he did not research the case citations because he believed that Ms. Perry had provided them to Cohen (para. 20, declaration). If he believed they had come from Cohen, he would have researched them. He accepts full responsibility for not doing so, but his state of mind at the time is critical in explaining his conduct.

  Mr. Schwartz had numerous telephone conversations with Mr. Cohen about the application to terminate his post release supervision. Ms. Schwartz has stated that Mr. Cohen told him that Ms. Perry would provide these cases. It should also be noted that, even if Cohen had not told Schwartz that Perry would be providing cases, there was a rational basis for Schwartz to have drawn that inference. Cohen had previously sent a redline draft to Schwartz with the notation "sent to me from Danya" (para. 7, declaration; Exhibit D). In the redline draft, Perry added a suggestion that a "few in-district court cases" should be added. Once Schwartz knew that Perry had suggested

this, when he received the cases from Cohen, he could draw a reasonable inference that the case citations had come from Perry.

The issue of whether Cohen told Schwartz that Perry would be providing cases is one of credibility. We argue that, based on all the facts and circumstances, the court should credit Mr. Schwartz's version. It makes more sense that when provided with Second Circuit cases, Mr. Schwartz was relying on Cohen's representation that these cases would be coming from Ms. Perry, especially when she had earlier suggested that cases from the Second Circuit be utilized in this submission.

Based on the submission of both Schwartz and Perry, it seems that both were using Cohen as a conduit to funnel papers back and forth. As it turns out, this was not a good idea in that certain issues fell through the cracks, most notably the source of the case citations. Perry and Schwartz should have communicated directly with each other, whether or not Perry had filed a notice of appearance.

With regard to sanctions, there are two significant reasons why the Court should not impose any sanctions. First, Mr. Schwartz was denied the benefit of the "safe harbor" provision of Rule 11. The purpose of Rule 11(c)(2) is to provide an attorney with an opportunity to correct any violation or withdraw the papers that were submitted. Rather than notify Mr. Schwartz of the perceived error, Ms. Perry chose to notify the court of the case citations as soon as she discovered that these cases did not exist (see pg. 4, letter of December 28, 2023).

Had Ms. Perry, instead, first notified Mr. Schwartz, he would have removed those citations from his submission to the Court. Once the Court issued its show cause order under Rule 11(c)(3), however, Mr. Schwartz no longer had the opportunity to withdraw the citations from his submission as no "safe harbor" opportunity exists to withdraw or correct a submission challenged in court-initiated proceeding. *In re Pennie & Edmonds, LLP*, 323 F.3d 86 (2d Cir., 2003). Although Rule 11(c) is normally invoked by opposing parties, there is no valid reason to believe that Ms. Perry, acting as *de-facto* co-counsel for Mr. Schwartz, should not be subject to the same provisions.

Second, courts have held that *sua sponte* Rule 11 sanctions must be reviewed with "particular stringency." *Hunter v. Earthgrains Co Bakery*, 281 F.3d 144 (4th Cir., 2002). As a result, the Second Circuit has held that a heightened standard should be applied to *sua sponte* sanctions and has imposed a standard of bad faith that must be met before a court can impose a penalty under Rule 11. ("[W]here, as here, a *sua sponte* Rule 11 sanction denies a lawyer the opportunity to withdraw the challenged document pursuant to the 'safe harbor' provision of Rule 11(c)(1)(A), the appropriate standard is subjective bad faith.") *In re Pennie & Edmonds, LLP, Id.*

> "Pennie remains good law in this circuit, *see, e.g., Rivas v. Bowling Green Assocs., L.P.*, No. 13cv07812 (PKC), 2014 WL 3694983, at *1 (S.D.N.Y. July 24, 2014) ("The Second Circuit has concluded that in the case of court-initiated Rule 11 sanctions, where the 'safe harbor' provision of Rule 11(c)(1)(A) does not apply, the standard to be applied is not one of objective unreasonableness, but subjective bad faith."); *Castro v. Mitchell*, 727 F.Supp.2d 302, 309

(S.D.N.Y. 2010) ("[A] court cannot impose sanctions after a party is no longer able to withdraw or amend its challenged pleading unless the court makes a finding of subjective bad faith."); *Brown*, 2012 WL 573198, at *4 (noting that, when bringing sanctions *sua sponte* after issuing an order to dismiss, the court must be 'mindful of the high hurdle presented by the subjective bad faith standard,' and that 'without such a finding, professional conduct that might be held objectively substandard or unreasonable is insufficient, without more, to justify sanctions in a proceeding undertaken pursuant to Rule 11(c)(3)')." *Braun v. Fu*, 2015 WL 4389893 (S.D.N.Y. 2015).

There is no reasonable view of the facts that could cause the Court to find that Schwartz acted in bad faith by including the case citations in his papers. In *Centauri Shipping Ltd. v. Western Bulk Carriers KS*, 528 F.Supp.2d 197 (S.D.N.Y. 2007), the Court found that the imposition of Rule 11 sanctions *sua sponte* was not warranted. Counsel represented to the Court that, at the time he submitted an Affirmation, he possessed "knowledge that defendant [WBC KS] was registered" with the State as a foreign corporation. However, according to Counsel, the false statements regarding WBC KS' registration were included in the Affirmation due to a purported "clerical error" by Counsel. The Court directed Counsel to show cause as to why the Court should not impose sanctions on him pursuant to Rule 11(b), in light of the false statements contained in the Affirmation.

The attorney's affirmation is contained in the Court's decision:

> I cannot adequately explain the reason why the [Affirmation] did not recite that defendants WBC AS and WBC KS were authorized to conduct business in New York... I take full responsibility for the omission of those facts in [the Affirmation]. It was an omission in the draft... that should have been caught by me but it was not. For that oversight, I apologize to the Court and defendants... [T]he omission and failure to catch the omission were not deliberate or intentional by me... It was a fact that would be easily noted by defendants in opposing any attachment (as it was in fact) and, therefore, there was no reason why such an omission would be deliberately or intentionally made.

Despite the Court's disapproval of Counsel's conduct in this action, the Court found no basis to doubt Counsel's assertion that the false statements in the Affirmation were the product of negligence rather than deliberate dishonesty. As the record did not support a finding of bad faith or a willful intent to deceive on the part of counsel, the Court declined to impose sanctions on him pursuant to Rule 11(b). Applying that same reasoning, we respectfully argue that no sanction be imposed on Mr. Schwartz.

Mr. Schwartz has enjoyed an excellent reputation as an attorney and has no prior disciplinary history. He has acknowledged his mistake in not researching the citations provided to him by Cohen, although he has offered a credible explanation that he believed they had been

provided by Perry, acting as co-counsel. Not having been given the benefit of a Rule 11 "safe harbor," Mr. Schwartz should not be subject to any sanction as there was no bad faith on his part. In the event the Court determines that some sanction should be imposed, we ask for an opportunity to address what type of sanction should be imposed.

Respectfully Submitted,

_____
Barry Kamins

_____
John M. Leventhal